■ AURELIA GUZMAN, Respondent-Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellant-Respondent, et al., Defendant. — Order, Supreme Court, Bronx County (Wood, J.), entered May 3, 1983, which granted plaintiff's motion to set aside the verdict as inadequate and for a new trial on the issue of damages only unless the parties stipulated to increase the award from $50,000 to $90,000, unanimously reversed, on the law, without costs or disbursements, the motion denied and the verdict reinstated. ¶ Trial Term conditionally set aside the verdict as inadequate on the basis of its belief that its missing witness charge was prejudicial and erroneous. The charge concerned plaintiff's failure to call three doctors who had treated her for the injury she claimed resulted from the accident involved herein. A fourth doctor, an orthopedist, who had plaintiff hospitalized and placed in traction for her complaints of lower back pain, did testify. He found her injury to be permanent. It was conceded that plaintiff had sustained a herniated disc. A myelogram, however, revealed a "minimal extradural defect." ¶ The missing witness charge was not inappropriate, at least with respect to one of the doctors who had treated plaintiff 16 times. The nonproduction of such a vital witness went completely unexplained. The unexplained failure to call a witness who might naturally be expected to give testimony favorable to a party gives rise to an adverse inference. (See *Mashley v Kerr,* 47 NY2d 892.) ¶ In any event, the verdict was not inadequate. As depicted by her own testimony, plaintiff's life-style did not significantly change after the accident despite the "permanency" of the injury. On this record no justification exists for interfering with the jury's assessment of damages. Concur — Sullivan, J. P., Ross, Lynch and Kassal, JJ.